UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER

UNITED STATES OF AMERICA, :

    Plaintiff, :

v. :

BARRY SMITH, et al., :

    Defendants. :



FILED by _____ D.C.

JUL 2 0 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f), on June 18, 2000, a hearing was held to determine whether the defendant **Asia Nelson** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Asia Nelson** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Therefore, the defendant is charged with an offense involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that the defendant was a member of an organization responsible for the distribution of more than 350 kilograms of cocaine in Florida, Georgia and North Carolina during the years 1996 - 1999. During the summer of 1999, the defendant was intercepted on a wiretap discussing the intended delivery of ten kilograms of cocaine to an individual named Williams. When Williams was murdered in Alabama, the defendant retrieved the ten kilograms intended for him. In return for this service, co-defendant Barry Smith gave the defendant one kilogram of cocaine. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that he is a lifetime resident of this community and does not appear to be a risk of flight. However, the defendant has a lengthy arrest record dating back to 1986, with at least two felony marijuana convictions. He currently is serving a sentence for violation of probation, and faces at least ten years in prison if convicted of the instant charge. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. There is probable cause to believe the defendant conspired to possess with intent to distribute a very substantial quantity of cocaine, an offense punishable by more than ten years under the Controlled Substances Act, 21 U.S.C. § 801, *et seq*. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 20th day of July, 2000.

*Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
AUSA Kathleen Rice (FTL)
Pretrial Services (FTL)
Manuel Gonzalez, Esq.

3