UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW

UNITED STATES OF AMERICA )
)
)
)
v. )
)
BARRY SMITH, a/k/a "Scar," )
et al., )
)
Defendants. )
)
_____)



### GOVERNMENT'S FOURTH SUPPLEMENTAL
### RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this fourth supplemental response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10. response to the Standing Discovery Order.

N.   The defendants have requested disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. The government intends to offer at trial the expert testimony of of the following individuals:

1)   D.J. Koontz, North Carolina State Bureau of Investigations, Examiner/analyst - performed laboratory analysis on cocaine base seized in



Winston-Salem, North Carolina. A laboratory analysis setting forth the findings of D.J. Koontz has previously been provided in the government's Response to Standing Discovery Order. Upon receipt by the undersigned, the Government will provide Mr. Koontz' curriculum vitae;

2) Matthew L. Warren, Drug Enforcement Administration, Examiner/Analyst - conducted examination on sham cocaine. A lab report setting forth Mr. Warren's findings has previously been provided in the government's Response to Standing Discovery Order. Mr. Warren's curriculum vitae is attached at 00375;

3) S.L. Yonkman, Broward Sheriff's Office, Latent Examiner - conducted examination of latent fingerprints on the newspaper packaging seized from Dwayne Campbell on March 23, 1999, and identified fingerprints as belonging to Barry Smith. A lab report analyzing those fingerprints has previously been provided in the government's Response to Standing Discover Order. Ms. Yonkman's curriculum vitae is attached at 00376;

4) Thomas Mesick, Broward Sheriff's Office, Latent Examiner - conducted examination of latent fingerprints on kilogram of cocaine purchased in this case from Barry Smith and determined that the latent fingerprints did not match on-file prints of Barry Smith. A lab report analyzing these fingerprints has previously been provided in the government's Response to Standing Discovery Order. Mr. Mesick's curriculum vitae is attached at 00377; and

5) Special Agent Andrew Thompson, Federal Bureau of Investigation - conducted voice identifications of individuals intercepted in oral and wire communications. The government will also seek to qualify Special Agent Thompson as an expert in coded narcotic-related language. A summary of Special Agent Thompson's qualifications to testify as an expert in these areas and the bases for his opinions is attached at 00378.

Having made this disclosure, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

The attachments to this Third Supplemental Discovery Response are numbered 00375-378. These attachments have not been filed with the Court. Please notify the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
KATHLEEN RICE
Assistant United States Attorney
Florida Bar No. 100765
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3512
Fax: (954) 356-7336

cc: Special Agent Andrew W. Thompson, FBI
    Special Agent Tom H. Harvey, Jr., FBI

3

**CERTIFICATE OF SERVICE**

   **I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this ___18___ day of December, 2000, to: Richard Diaz, Esquire, 2701 Southwest 3rd Avenue, Miami, Florida 33129-2335; Randee Golder, Esquire, Post Office Box 3756, Boynton Beach, Florida 33424; Patrick Hunt, Esquire, Assistant Federal Public Defender, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301; Martin A. Feigenbaum, Esquire, Museum Tower - Suite 1565, 150 West Flagler Street, Miami, Florida 33130; Steven Kassner, Esquire, 815 Ponce de Leon Boulevard, Suite 303, Coral Gables, Florida 33134-3007; Manuel Gonzalez, Jr., Esquire, 780 NW 42nd Avenue, Suite 318, Miami, Florida 33126-5536; Vincent Flynn, Esquire, 1221 Brickell Avenue, Suite 602, Miami, Florida 33131-3260; and Michael Entin, Esquire, One East Broward Boulevard, Suite 1500, Fort Lauderdale, Florida 33301.

                                          _____
                                          KATHLEEN RICE
                                          Assistant United States Attorney